**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
Case No. 03-20488-CIV-GRAHAM

WINSTON JOHNSON,

    Plaintiff,

vs.

BARNES & NOBLE BOOKSELLERS, INC.,
and MCROBERTS PROTECTIVE AGENCY,
INC.,

    Defendant.
_____/

FILED by ___ D.C.

JUN 24 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER

**THIS CAUSE** came before the Court upon the Defendant's McRoberts Protective Agency, Inc.'s Motion to Dismiss or Strike (D.E. 14), and Defendant Barnes & Noble Booksellers, Inc.'s ("Barnes & Noble") Motion to Dismiss or Strike (D.E. 16).

**THE COURT** has considered the motions, the pertinent portions of the record, and is otherwise duly advised in the premises.

In Count I, Plaintiff alleges that Defendants violated 42 U.S.C. §1981 by intentionally detaining him and forcibly restraining him for an unreasonable amount of time at a Barnes & Noble bookstore, based on an allegedly false accusation that Plaintiff had inappropriately touched a female Barnes & Noble employee.

In Count II, Plaintiff alleges a state-law claim against Defendants for the tort of false imprisonment. Defendants move to

dismiss or strike the "Wherefore" clause of Count II, to the extent that Plaintiff seeks attorneys fees and injunctive relief.

It is axiomatic that "a complaint shall not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove a set of facts which will entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to Plaintiff and accept its allegations as true. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Beck v. Deloitte & Touche, 144 F.3d 732 (11th Cir. 1998). Thus, in the context of a motion to dismiss, the issue is not whether plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims," as pled. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The threshold of sufficiency that a complaint must meet is exceedingly low. Ancata v. Prison Health Servs. Inc., 769 F.2d 700, 703 (11th Cir. 1985).

Plaintiff concedes that Florida law does not provide an entitlement to attorneys' fees for the tort of false imprisonment and withdraws and claim for fees with respect to Count II. See D.E. 18, Plaintiff's Response, at 1. Accordingly, the Court finds that the motion to dismiss or strike the request for attorneys' fees must be granted.

With respect to Plaintiff's request for injunctive relief in the "wherefore" clause for Count II, the Court has reviewed the Complaint and the parties' arguments and finds that the Complaint alleges the facts sufficient to state a claim for false imprisonment, and that no additional pleading requirements must be satisfied in connection with Plaintiff's prayer for injunctive relief in Count II's "wherefore" clause. Accordingly, Defendants' motion to dismiss or strike must be denied.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' motions to dismiss or strike (D.E.s 14 and 16) are granted in part and denied in part. The motions to dismiss Plaintiff's request for attorneys' fees in Count II are granted. The motions to dismiss Plaintiff's prayer for injunctive relief are denied.

**DONE AND ORDERED** in Chambers at Miami, Florida this 23d day of June, 2003.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

c:   Counsel of Record