UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 03-20488-CIV-GRAHAM

WINSTON JOHNSON,

    Plaintiff,
vs.

BARNES & NOBLE BOOKSELLERS, INC.,
and McROBERTS PROTECTIVE AGENCY,
INC.,

    Defendant.
_____/



FILED by ___ D.C.
NOV - 8 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER

**THIS CAUSE** came before the Court upon Defendant Barnes & Noble's Rule 59 Motion to Strike Jury Award or Motion for New Trial on Issue of False Imprisonment and/or Motion for a Remittitur (D.E. 187); Motion to Extend Automatic Stay of Execution of Judgment (D.E. 190); Motion to Strike Reply to Plaintiff's Response to Defendant's Rule 59 Motion to Strike Jury Award (D.E. 193); Motion for Leave to File an Enlarged Reply Brief (D.E. 194); and Motion to Correct Mistake in Final Judgment (D.E. 197).

**THE COURT** has considered the Motions, the pertinent portions of the record and is otherwise duly advised in the premises.

### I. BACKGROUND

Plaintiff, Winston Johnson, filed claims against defendant, Barnes & Noble Booksellers, Inc. for race discrimination and false imprisonment. The claims arose from an incident that took place on December 16, 2001, at a Barnes & Noble book store. That day,

Johnson went to the bookstore intending to purchase a compact disk and a book. After purchasing the compact disk, Johnson asked a female clerk for assistance in locating the book. As the store clerk stoop down to retrieve a book from the bottom of the shelf, she was touched by Johnson. Johnson claimed that he was merely trying to help the store clerk with her shirt, but the store clerked maintained that Johnson inappropriately touched her buttock. After terminating her encounter with Johnson, the clerk went to her supervisors and told them that Johnson had inappropriately touched her. Without having observed the incident, two store managers and a security guard approached Johnson while he was still inside the store with a friend and accused him of having touched the store employee inappropriately. Johnson adamantly denied that he had touched anyone. At some point during the discussion, Johnson was told to go inside the manager's office. Johnson was then escorted to the office and, once inside, the manager locked the door and the police was called. Johnson was never left alone in the office, was questioned, photographed and kept until the police arrived.

The police arrived and further questioned Johnson, who continued to deny the allegations made by the store clerk. The police issued an offense-incident report for simple battery (a misdemeanor) but did not arrest Johnson. Barnes & Noble issued its own incident report for "battery on an employee" and a trespass

notice barring Johnson from ever entering any Barnes and Noble store in the state of Florida. Johnson testified that over two hours lapsed from the time he was stopped until he was allowed to leave the store.

A trial was held and a jury returned a verdict finding Barnes & Noble liable to Johnson on the false imprisonment claim but not liable on the race discrimination claim. The jury awarded Johnson damages in the amount of $117,000. Dissatisfied with the jury's verdict, Barnes & Noble has moved for a new trial, or in the alternative, for remittitur, claiming that the Court erred in failing to charge the jury on its asserted affirmative defense and that the jury's verdict is the product of bias, passion and prejudice.

## II. DISCUSSION

### A. Adequacy of Jury Instructions

Motions for a new trial under Federal Rule of Civil Procedure 59(a) are committed to the sound discretion of the court and should be granted when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice. See Fed.R.Civ.P. 59(a); McDonough Power Equipment v. Greenwood, 464 U.S. 548, 556 (1984); Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984). Motions for new trial on the basis of erroneous and prejudicial jury instructions will be granted "'[o]nly if the trial judge's instructions to the jury, taken as a

3

whole, give a misleading impression or inadequate understanding of the law and the issues to be resolved."' Stuckey v. Northern Propane Gas Co., 874 F.2d 1563, 1571 (11th Cir. 1989)(quoting Bass v. Intern Brotherhood of Boilermakers, 610 F.2d 1058, 1068 (5th Cir. 1980). "A jury need be instructed on a legal theory only if the evidence adduced at trial is sufficient to justify the instruction." Bank South Leasing, Inc. v. Williams, 778 F.2d 704, 706 (11th Cir. 1985).

In instructing the jury on the claim for false imprisonment, the Court adopted the language found in sections 68.40-68.44 of the Florida Forms of Jury Instruction for False Imprisonment. In addition to that instruction, Barnes & Noble requested an instruction based on the right of a citizen to arrest someone to stop a breach of the peace under section 877.03. It is undeniable that under Florida law, a private citizen may legally arrest a person who, in the citizen's presence, commits breach of the peace, which is punishable under section 877.03, Florida Statutes. See Steiner v. State, 690 So. 2d 706, 708 (Fla. 4th DCA 1997); Edwards v. State, 462 So. 2d 581, 582-83 (Fla. 4th DCA 1985). However, the mere act of touching someone, without more, does not amount to a breach of the peace under Florida law. Indeed, a survey of Florida cases reveals that a breach of the peace under section 877.03 requires an ongoing activity that threatens the public security or morals such that a citizen is justified in taking immediate action

to put an end to it. See e.g. Moffett v. State, 340 So. 2d 1155 (Fla. 1976) (topless sun bathing); State v. Magee, 259 So. 2d 139, 141 (Fla. 1972) (having sex in automobile) Sturman v. City of Golden Beach, 355 So. 2d 453 (Fla. 3d DCA 1978)(collective attack against police officer); Edwards v. State, 462 So. 2d at 582-7-83 (drunk driving); State v. Furr, 723 So. 2d 842 (Fla. 1st DCA 1999)(same).

In addition, even if the touching of another amounts to a breach of the peace under section 877.03, Barnes & Noble was not entitled to assert a citizen's arrest defense because the evidence adduced at trial demonstrated that the alleged breach of the peace had ended at the time of the detention and did not occur in the presence of the individuals who detained plaintiff. Accordingly, Barnes & Noble was not entitled to assert the defense that its detention of plaintiff was justified as a citizen's arrest. Having no legal justification to detain plaintiff, Barnes & Noble was not entitled to an instruction as to probable cause or reasonableness for the detention.

B.  Excessiveness of the Award

Remittitur is the procedural process by which a court may reduce an excessive jury verdict. Moses v. K-Mart Corp., 905 F.Supp. 1054, 1057 (S.D.Fla. 1995). The standard for determining the appropriateness the award is whether "it exceeds the amount established by the evidence." Goldstein v. Manhattan Industries,

758 F.2d 1435, 1448 (1985). In reaching its determination, "the Court is not to substitute its judgment for the jury's, and where there is sufficient evidence in the record to support the award, the Court should not reduce merely because it would have found differently." Moses, 905 F.Supp. at 1057. Damages recoverable in an action for false imprisonment include:

> bodily injuries or physical suffering, which are the proximate result of the unlawful imprisonment, or illness caused thereby; physical inconveniences and discomfort suffered by reason of the condition of the place of confinement; loss of time, and losses sustained in the business or employment of the plaintiff; expenses incurred as a result of the unlawful imprisonment; mental suffering endured because thereof, such as embarrassment, humiliation, deprivation of liberty, disgrace and injury to the feelings of the person unlawfully imprisoned, as well as injury to his reputation, resulting therefrom.

S.H. Kress & Co. v. Powell, 132 Fla. 471, 486 (Fla. 1938).

At trial, the plaintiff presented testimony showing that he was stopped and detained by three individuals at Barnes & Noble based on the accusation of a female store clerk that he had touched her inappropriately. Despite plaintiff's repeated denials of the allegations made by the store clerk, defendant deemed it appropriate to detain plaintiff and call the police. The plaintiff testified that his detention lasted for approximately two hours, during which he was interrogated, photographed and subjected to racially discriminatory remarks. Plaintiff further testified that he had to explain the incident to his wife and children, that he developed a facial twitch, which he attributes to the incident,

6

that he has significantly altered his shopping habits and that he was barred from entering a Barnes & Noble store for the rest of his life.  In addition, plaintiff established at trial that Barnes & Noble had no policies and procedures in place that would have prevented the unlawful detention of individuals and that employees were permitted to exercise unbridled discretion when handling situations with customers.  The jury was at liberty to accept as true the evidence introduced by the plaintiff because the defendant failed to rebut or contradict most of the plaintiff's evidence. Based on that evidence, the jury concluded that the plaintiff is entitled to $117,000 in compensation.  The Court concludes that because the award is supported by the evidence introduced at trial, remittitur is not appropriate in this case.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Barnes & Noble's Rule 59 Motion to Strike Jury Award or Motion for New Trial on Issue of False Imprisonment and/or Motion for a Remittitur (D.E. 187) is **DENIED**.[1]  It is further

---

[1] In his response to the motion, plaintiff asks that the court grant fees as a sanction.  The Court declines to consider plaintiff's request because plaintiff has not complied with Southern District of Florida Rule 7.1(A)((1) by stating the factual and legal basis for the requested relief.

**ORDERED AND ADJUDGED** that the Motion to Extend Automatic Stay of Execution of Judgment (D.E. 190) is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that the Motion to Strike Reply to Plaintiff's Response to Defendant's Rule 59 Motion to Strike Jury Award (D.E. 193) is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that Motion for Leave to File an Enlarged Reply Brief (D.E. 194) is **GRANTED**.  It is further

**ORDERED AND ADJUDGED** that the Motion to Correct Mistake in Final Judgment (D.E. 197) is **DENIED**.  It is not necessary for a final judgment to specifically state the language requested by the plaintiff because the right to post-judgment interest is authorized by statute.

**DONE AND ORDERED** in Chambers at Miami, Florida this 8th day of November, 2004.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record