# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

March 20, 2006



Clarence Maddox
Clerk, U.S. District Court
301 N MIAMI AVE STE 150
MIAMI FL 33128-7788

**Appeal Number: 04-16113-BB**
Case Style: Winston Johnson v. Barnes & Noble Booksellers
District Court Number: 03-20488 CV-DLG

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:

Bill of Costs

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (02/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 04-16113

District Court Docket No.
03-20488-CV-DLG

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 27, 2006

THOMAS K. KAHN
CLERK

WINSTON JOHNSON,

    Plaintiff-Appellee,

versus

BARNES & NOBLE BOOKSELLERS, INC.,

    Defendant-Appellant,

MCROBERTS PROTECTIVE AGENCY, INC.,

    Defendant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit.

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAR 2 0 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: January 27, 2006
For the Court: Thomas K. Kahn, Clerk
By: Harper, Toni

Winston JOHNSON, Plaintiff–Appellee,

v.

BARNES & NOBLE BOOKSELLERS, INC., Defendant–Appellant.

No. 04-16113.

United States Court of Appeals, Eleventh Circuit.

Jan. 27, 2006.

**Background:** Customer sued bookstore owner for false imprisonment, alleging that store personnel improperly detained him based on their purported belief that he had inappropriately touched sales clerk. Following jury trial, the United States District Court for the Southern District of Florida, No. 03-20488-CV-DLG, Donald L. Graham, J., entered judgment for customer. Store owner appealed.

**Holdings:** The Court of Appeals held that:

(1) detention was not lawful citizen's arrest, and

(2) award of $117,000 was not excessive.

Affirmed.

**1. Federal Civil Procedure** ⇌2182.1
   **Federal Courts** ⇌763.1

The Court of Appeals reviews claims pertaining to jury instructions to determine whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled.

**2. Federal Civil Procedure** ⇌2173.1(1)

If jury instructions accurately reflect the law, the trial judge is given wide discretion as to the style and wording employed in the instruction.

**3. Federal Courts** ⇌908.1

The Court of Appeals will reverse the trial court because of an erroneous instruction only if the Court is left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations.

**4. False Imprisonment** ⇌2

No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law.

**5. False Imprisonment** ⇌2

In Florida, the tort of false imprisonment is defined as the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty.

**6. False Imprisonment** ⇌2

In a false imprisonment action under Florida law, the plaintiff is required only to establish imprisonment contrary to his will and the unlawfulness of the detention.

**7. False Imprisonment** ⇌10

Under Florida law, once a plaintiff alleging false imprisonment has established his detention by one who has no authority to detain him, the defendant may challenge the claim of an unlawful detention by asserting the lawfulness of the detention as an affirmative defense.

**8. Arrest** ⇌64

Florida law requires that in order to effectuate a citizen's arrest, the breach of the

Synopsis, Headnotes and Key Number Classification
COPYRIGHT © 2006 Thomson/West

The Synopsis, Headnotes and Key Number Classification constitute no part of the opinion of the court

peace must be committed in the presence of the private citizen. West's F.S.A. § 877.03.

**9. Arrest ⚷63.4(5)**

Under Florida law, a police officer cannot effectuate a warrantless arrest for a misdemeanor, if the misdemeanor was not committed in his presence. West's F.S.A. § 901.15(1).

**10. Arrest ⚷64**

Under Florida law, detention of bookstore customer, based on purported belief that he had inappropriately touched sales clerk, was not lawful citizen's arrest, even if customer committed misdemeanor, where detention was by store employees who had been told, but had not witnessed, customer's alleged action, and there were no allegations that customer was at time of detention disruptive or committing other acts constituting breach of peace. West's F.S.A. §§ 784.03, 877.03.

**11. Federal Courts ⚷914**

The Court of Appeals cannot disturb a jury award stemming from a Florida state law claim where the trial court refused to alter the amount, unless the verdict is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.

**12. False Imprisonment ⚷34**

Under Florida law, damages recoverable in an action for false imprisonment include bodily injury, physical suffering, physical inconvenience and discomfort, loss of time, losses in the plaintiff's business or employment, and expenses incurred due to the imprisonment.

---

\* Honorable Willis B. Hunt, Jr., United States Senior District Judge for the Northern District of

**13. False Imprisonment ⚷36**

Under Florida law, award of $117,000 to customer who was falsely imprisoned by bookstore personnel, based on their purported belief that he had inappropriately touched sales clerk, was not excessive, where he testified that he suffered embarrassment when he had to explain incident to his wife and children, developed facial twitch, significantly altered his shopping habits, lost weight, was unable to sleep, and was barred from bookstore chain for rest of his life, and where bookstore chain had no policies in place that would have prevented unlawful detention.

---

Appeal from the United States District Court for the Southern District of Florida.

Before EDMONDSON, Chief Judge, BARKETT, Circuit Judge, and HUNT\*, District Judge.

PER CURIAM:

Barnes & Noble Booksellers, Inc. appeals the denial of its motion for a new trial after a jury verdict finding that Barnes & Noble falsely imprisoned Winston Johnson. The jury awarded Johnson $117,000 for emotional pain and mental anguish. Barnes & Noble argues that it is entitled to a new trial because the district court erroneously refused to instruct the jury with Barnes & Noble's proposed jury instruction on breach of the peace. Barnes & Noble also argues that the jury award of $117,000 was excessive.

## BACKGROUND

Johnson's lawsuit arose from an incident at a Barnes & Noble store while he was there

Georgia, sitting by designation.

to purchase a compact disk and a book. At trial, Johnson testified that after purchasing the compact disk, he asked a female clerk for assistance in locating the book. As the store clerk stooped down to retrieve a book from the bottom of the shelf, she, or her shirt, was touched by Johnson. Johnson claimed that he was merely trying to help the store clerk with her shirt, which she was trying to reach in order to tuck it in, while the store clerk maintained that Johnson inappropriately grabbed her buttocks. The store clerk left Johnson and reported to her supervisors that Johnson had touched her inappropriately. Although not having observed the incident, two store managers and a security guard approached Johnson, accused him of having touched the store employee inappropriately, which Johnson adamantly denied, and then escorted Johnson to an office where he was detained for one to two hours. During this detention, he was interrogated, photographed and subjected to racially discriminatory remarks. When the police arrived, they questioned Johnson about the incident, returned his ID and driver's license, which had been taken from him by the Barnes & Noble employees, and told him to leave the store. Johnson was not arrested.

Johnson subsequently filed suit against Barnes & Noble, claiming false imprisonment.[1] The jury returned a verdict, finding Barnes & Noble liable for falsely imprisoning Johnson and awarding Johnson $117,000. In a post-verdict motion for a new trial, Barnes & Noble argued that the jury was erroneously instructed and that the verdict was excessive. The district court upheld the jury's verdict and denied the motion for a new trial. Barnes & Noble now appeals.

## DISCUSSION

### I.

[1–3] We review claims pertaining to jury instructions to determine "whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled." *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1351 (11th Cir. 2004) (quoting *Carter v. DecisionOne Corp.*, 122 F.3d 997, 1005 (11th Cir.1997) (citation omitted)). If jury instructions accurately reflect the law, the trial judge is given wide discretion as to the style and wording employed in the instruction. *Bearint*, 389 F.3d at 1351. We will reverse the trial court because of an erroneous instruction only if we are "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Bearint*, 389 F.3d at 1351 (quoting *Carter*, 122 F.3d at 1005).

In this case, the district court instructed the jury on the Florida law of false imprisonment using the pattern Florida false imprisonment instruction as follows:

> The issue for your determination on the false imprisonment claim of plaintiff against defendant is whether the defendant intentionally caused the plaintiff to be restrained against his will.

Barnes & Noble argued at trial that it was additionally entitled to an instruction that the jury could rule for Barnes & Noble if it found that Barnes & Noble acted reasonably by detaining Johnson because Johnson had breached the peace. It specifically requested the following instruction:

> On the defense to the false imprisonment claim, the first issue for your determina-

---

1. Johnson also claimed he was discriminated against in violation of 42 U.S.C. § 1981. The jury found against Johnson on this claim, and Johnson does not appeal it.

tion is whether the defendants had the legal authority to restrain the Plaintiff under the rules governing a citizens arrest. A citizens arrest can occur on the basis of misdemeanor if it was committed in the presence of the citizen or involved a breach of the peace.

"Breach of the Peace" is defined by § 877.03, Fla. Stat. (2001), as follows:

Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.

If you find that the conduct of the Plaintiff constituted a breach of the peace, thus giving the defendants lawful authority to detain the Plaintiff, then you must determine if the detention was conducted in a reasonable manner and for a reasonable amount of time.

The district court refused to give the instruction, ruling that as a matter of law the conduct at issue did not constitute a breach of the peace, warranting a citizen's arrest under Florida law.

[4–6] As the Supreme Court reiterated in *Terry v. Ohio*,

No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law.

392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (quoting *Union Pac. R. Co. v. Botsford*, 141 U.S. 250, 251, 11 S.Ct. 1000, 35 L.Ed. 734 (1891)). In Florida, the tort of false imprisonment is defined as "the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty." *Escambia County School Board v. Bragg*, 680 So.2d 571, 572 (Fla.Dist.Ct.App. 1996) (quoting *Johnson v. Weiner*, 155 Fla. 169, 19 So.2d 699, 700 (1944)). In a false imprisonment action the plaintiff is required only to "establish imprisonment contrary to his will and the unlawfulness of the detention." *Rivers v. Dillards Dep't Store, Inc.*, 698 So.2d 1328, 1331 (Fla.Dist.Ct.App.1997) (quoting *Rotte v. City of Jacksonville*, 509 So.2d 1252 (Fla.Dist.Ct.App.1987)); *Everett v. Florida Institute of Technology*, 503 So.2d 1382, 1383 (Fla.Dist.Ct.App.1987) (requiring only "allegations that a person [was] ... unlawfully restrained without color of authority"); *see City of St. Petersburg v. Austrino*, 898 So.2d 955, 957 (Fla.Dist.Ct.App.2005).

[7–9] Once a plaintiff has established his detention by one who has no authority to detain him, the defendant may challenge the claim of an unlawful detention by asserting the lawfulness of the detention as an affirmative defense. *Rivers*, 698 So.2d at 1331. Barnes & Noble argues that Johnson's detention was lawful in this case based on the right of a citizen to effectuate an arrest for breach of the peace. Section 877.03, Florida Statutes defines a breach of the peace as occurring when a person commits "such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting[.]" Fla. Stat. § 877.03.[2]

---

2. Common law defines a breach of the peace as "a public offense done by violence, or one caus-

Florida courts have narrowly interpreted the meaning of this statute, *State v. Saunders*, 339 So.2d 641, 643 (Fla.1976) (rejecting an expansive interpretation of Section 877.03) (citations omitted), and have required a showing that a breach of the peace presents an imminent threat to the public security or morals to justify a citizen taking immediate action. *State v. Furr*, 723 So.2d 842, 844 (Fla.Dist.Ct.App.1999) (finding drunk driving amounts to a breach of the peace because of the immediate threat to life involved in driving while intoxicated) (citing *Edwards v. State*, 462 So.2d 581 (Fla.Dist.Ct.App.1985)). Moreover, Florida law requires that in order to effectuate a citizen's arrest, the breach must "be committed in the presence of the private citizen." *Steiner v. State*, 690 So.2d 706, 708 (Fla.Dist.Ct.App.1997). Indeed, pursuant to Florida law, not even a police officer can effectuate a warrantless arrest for a misdemeanor, if the misdemeanor was not committed in his presence. Fla. Stat. § 901.15(1); *B.D.K. v. State*, 743 So.2d 1155, 1157 (Fla.Dist.Ct.App.1999) (citing *Smiley v. State*, 354 So.2d 922 (Fla.Dist.Ct.App.1978)); *see Nickell v. State*, 722 So.2d 924, 925 (Fla.Dist.Ct.App.1998); *Donner v. Hetherington*, 399 So.2d 1011, 1012 (Fla.Dist.Ct.App.1981).[3]

[10] In this case, it is undisputed that the store clerk's allegation of Johnson's conduct, if true, would constitute a misdemeanor. Fla. Stat. § 784.03. Johnson was detained, however, by Barnes & Noble employees who had been told, but had not witnessed, the alleged misdemeanor. Moreover, there were no allegations that Johnson had continued this behavior or was at the time of the detention disruptive or committing other "such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them." Under the facts presented here—showing no imminent threat and actions not committed in the presence of those detaining Johnson—we find that the district court did not err in denying the requested instruction for breach of the peace, and accordingly, Barnes & Noble is not entitled to a new trial on liability.

II.

[11, 12] Alternatively, Barnes & Noble argues that the damages award of $117,000 is excessive and should be reversed. This Court cannot disturb a jury award stemming from a Florida state law claim where the trial court refused to alter the amount, unless the verdict is "so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate." *Ashcroft v. Calder Race Course, Inc.*, 192 So.2d 1309, 1314 (Fla.1986) (citing *Bould v. Touchette*, 349 So.2d 1181, 1184-85 (Fla.1977)); *see also Lassiter v. Int'l Union*

---

ing or likely to cause an immediate disturbance of public order." Restatement 2d of Torts, § 116.

3. Under common law: "A private person may arrest for a misdemeanor only if it was committed in his presence and it involved a breach of the peace." *Moll v. United States*, 413 F.2d 1233, 1236 (5th Cir.1969) (citing 4 Wharton, Criminal Law and Procedure §§ 1601-03; 5 Am. Jur.2d. Arrest §§ 34-36; 6 C.J.S. Arrest § 8); *see also* Restatement 2d of Torts, § 141 ("[A] private person is privileged ... to impose confinement upon [another] for the purpose of terminating or preventing the renewal of an affray or an equally serious breach of the peace which is being or has been committed in the actor's presence or of preventing such other from participating therein, if (a) the other is or the actor reasonably believes him to be participating or about to participate in the affray, and (b) the confinement or force is not intended or likely to cause death or serious bodily harm, and (c) the actor reasonably believes that the force or confinement is necessary to prevent the other from participating in the affray or other equally serious breach of the peace.").

of *Operating Engineers*, 349 So.2d 622, 627 (Fla.1976) ("[T]he verdict must be so excessive or so inadequate so as at least to imply an inference that the verdict evinces or carries an implication of passion or prejudice, corruption, partiality, improper influences, or the like.") (citation omitted). Pursuant to Florida law, "damages recoverable in an action for false imprisonment include bodily injury, physical suffering, physical inconvenience and discomfort, loss of time, losses in the plaintiff's business or employment, and expenses incurred due to the imprisonment." *Normius v. Eckerd Corp.*, 813 So.2d 985, 987 (Fla.Dist.Ct.App.2002) (citing *S.H. Kress & Co. v. Powell*, 132 Fla. 471, 180 So. 757, 763 (1938)). "Damages are also recoverable for mental suffering such as embarrassment, humiliation, deprivation of liberty, and disgrace and injury to the person's feelings and reputation." *Id.; see also* Fla. Stat. § 768.74(5).

[13] Barnes & Noble argues that Johnson did not suffer any actual damages such as medical costs, and the amount awarded was accordingly excessive. Johnson argues that the verdict was reasonable under Florida law. He testified at trial that he suffered embarrassment when he had to explain the incident to his wife and children, that he developed a facial twitch, which he attributes to the incident, that he has significantly altered his shopping habits, that he has lost weight, that he has been unable to sleep, and that he was barred from entering a Barnes & Noble store for the rest of his life. In addition, plaintiff's expert witness testified at trial that Barnes & Noble had no policies and procedures in place that would have prevented the unlawful detention of individuals and that employees were permitted to exercise unbridled discretion when handling situations with customers.

Based on all the relevant factors, we find that the award of $117,000 in this case was within the range of permissible awards and we cannot say that the award is "so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate." Accordingly, the jury's verdict is AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
BILL OF COSTS

BARNES & NOBLE BOOKSELLERS, INC.,
Appellant

vs.

WINSTON JOHNSON
Appellee

Case No. 04-16113

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 09 2006

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

## INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ($.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) | | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| | In-House | Comm* | | | | | |
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | | X | 1 | 10 (7) | 11 | $53.07 | $34.87 |
| Reply Brief | | | | | | | |
| Revised Appellee's Brief | | X | 1 | 10 (7) | 11 | $53.22 | $35.13 |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | TOTAL | | $ 106.29 REQUESTED | $ $70.00 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: 2/9/05

Signature: ___

Attorney for: Winston Johnson
(Type or print name of client)

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: ___
Deputy Clerk
Atlanta, Georgia

## FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ $70.00 against Appellant

and are payable directly to Appellee

Thomas K. Kahn, Clerk

Issued on: MAR 20 2006

By: ___
Deputy Clerk

MISC-12
(Rev 12/98)